# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 4, 2026

Lyle W. Cayce
Clerk

No. 25-10268
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SAMUEL PEREZ-GOMEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-534-1

Before WILLETT, DUNCAN, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Samuel Perez-Gomez appeals the sentence imposed for his guilty plea conviction of illegal reentry after prior removal. Perez-Gomez complains that the judgment contains a special condition that includes wording that was not pronounced at the sentencing hearing. Further, he asserts that the additional wording in the judgment subjects him to conditions of supervised release if

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10268

he is not removed from the United States after his prison term whereas the district court announced at sentencing that the conditions would apply only if he illegally returned to the United States.

The special condition as worded in the judgment was set forth in the presentence report (PSR) that Perez-Gomez and his counsel reviewed before sentencing. Perez-Gomez had notice and an opportunity to object, and our review of his challenge to the inclusion of the unpronounced wording is for plain error. *See United States v. Grogan*, 977 F.3d 348, 351-53 (5th Cir. 2020). The record reflects that the district court at sentencing imposed by shorthand reference the version of the special condition that appears in the PSR and in the written judgment. Therefore, it was not plain error for the full text of the special condition to be included in the written judgment. *See United States v. Lezama-Ramirez*, 173 F.4th 191, 194-95 (5th Cir. 2026); *Grogan*, 977 F.3d at 350.

As for Perez-Gomez's contention that the unpronounced wording of the special condition creates a discrepancy between the oral sentence and the written judgment regarding when he would be subject to the conditions of his supervision, the argument is unavailing regardless of the standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). The alleged discrepancy is a reconcilable ambiguity that can be resolved by reviewing the record and determining the intent of the district court. *See United States v. Vasquez-Puente*, 922 F.3d 700, 704 (5th Cir. 2019). The wording is consistent with the district court's intent that Perez Gomez will be removed following his prison term. *See United States v. Baez-Adriano*, 74 F.4th 292, 303-04 (5th Cir. 2023).

AFFIRMED.